UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:02-CR-32 |
| | ) | (2:12-cv-345) |
| WILLIAM WRIGHT | ) | |

## **MEMORANDUM AND ORDER**

The defendant-petitioner filed a motion, doc. 505, pursuant to 28 USC §2255 to reduce or correct his sentence in light of the Sixth Circuit's decision in *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008).

The issue of reducing petitioner's time of incarceration is moot since he was released from custody on November 24, 2014. However, petitioner insists that his term of supervised release should be reduced from ten years to five, which is the sole remaining issue to be resolved by the court.[1]

The United States is correct that this court, when it originally sentenced petitioner, was not bound by the enhanced 10-year supervised release requirement of 21 USC §841(b)(1)(A), and that the court's decision to sentence petitioner to a term of ten years on supervised release was "not the product of a now-inapplicable mandatory minimum."[2] The government also correctly points out that this court sentenced petitioner to ten years of supervised release because it believed that length of time was sufficient, but not greater than necessary, to achieve the goals set out in 18 USC §3553(a). And lastly, the court agrees with the United States Attorney that

---

[1] Petitioner's Reply, doc. 562.
[2] United States' Surreply, doc. 576, p.2.

whether to reduce petitioner's term of supervised release from ten years to five is now a matter of judicial discretion.

The government argues that petitioner has failed to articulate any "compelling reason" for this court to reduce petitioner's term of supervised release to five years.[3] Respectfully, there is a compelling reason: petitioner served a longer period of incarceration than he would have served but for the court's application of an enhanced penalty range since found to be erroneous. The fact that petitioner could still be sentenced to a ten-year term of supervised release post-*Pruitt* does not take into account that he served more time in actual incarceration, 188 months, than he otherwise would have served.

The Court is powerless to reduce petitioner's term of imprisonment since he already has served it in full. But it is for that very reason that this court should reduce petitioner's term of supervised release to five years, and it now does so.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

[3] *Id.*, doc. 576, p.3.